IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:08-0515 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | JURY TRIAL |
| CAMPBELL SMOOT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a single document filed by the pro se Plaintiff headed, "Motion for Determination of Status of Case" and "Motion for Temporary Restraining Order and Injunction Against the Defendants to Enjoin the On Going Civil Conspiracy and Retaliation Against Plaintiff." Docket No. 49.

The status of this case is that Defendants have filed Motions to Dismiss. Docket Nos. 38, 39, 51, 52. On October 30, 2008, Plaintiff filed a Response to those Motions. Docket No. 55. Those Motions are under consideration.

With regard to Plaintiff's Motion for a Temporary Restraining Order and an Injunction, the Court notes that Plaintiff's "Amended Complaint" (Docket No. 1) seeks only damages against Defendants; it does not seek injunctive relief.[1] While the "Amended Complaint" contains a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746, the instant Motion

---

[1] The initial pleading filed by Plaintiff in this action is headed, in part, "Amended Complaint."

is not verified in any manner.

       Fed. R. Civ. P. 65(b)(1) provides in relevant part as follows:

> **(b) Temporary Restraining Order.**
>   (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>    (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>    (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

       The instant Motion asks the Court "to enjoin the Defendant's [*sic*] from retaliating against plaintiff, subjecting him to harassment and purposefully attempting to impede his access to courts." Docket No. 49, p. 1. The Motion also states:

> The reason why the Petitioner [*sic*] requests these things from this Honorable Court is to prevent the above-named Defendant's [*sic*] from: (a) irreparably harming plaintiff and interfering with his access to the courts; and (b) using their state authority to harm and intimidate plaintiff, so as to compel Plaintiff to drop his civil action agasint [*sic*] the Defendants.
>
> Plaintiff avers that the Defendant's [*sic*] have purposefully thrown away his legal papers, and have intentionally made it impossible for Plaintiff to effectively litigate his his [*sic*] case.

*Id*., p. 2-3.

     Plaintiff has not clearly shown, by affidavit or verified complaint, any immediate irreparable injury, loss, or damage. The Court notes that, the same day this Motion was filed, Plaintiff also filed a Motion for Extension of Time in which to file a Response to a Motion to Dismiss filed by most of the Defendants. Docket No. 48. Additionally, several weeks later,

2

Plaintiff filed a Response to that Motion, as well as to another Motion to Dismiss filed by a single Defendant. Docket No. 55. It does not appear that Plaintiff's access to the Courts has been impeded. Even if it had, Plaintiff has shown no irreparable injury. Moreover, Plaintiff does not explain how Defendants' alleged retaliation and harassment are causing him irreparable injury, loss, or damage.

Finally, the Court notes that Defendants have not filed a Response to the instant Motions. The Court also notes, however, that Plaintiff has failed to comply with Fed. R. Civ. P. 5(d)(1), which requires that a certificate of service "must be filed within a reasonable time after service." It does not appear that Plaintiff served the instant Motions upon Defendants.

For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Temporary Restraining Order and Injunction . . ." (Docket No. 49) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge